## C. F. KIEFFER, Appellant, v. JIM GUYER and PETER STRICKLAND, Respondents.*

Kansas City Court of Appeals. December 1, 1924.

1. **BILLS AND NOTES:** Instruction Held Not Erroneous as Authorizing Jury to Find for Plaintiff upon a Cause of Action Not Stated in Pleadings. In an action upon a promissory note which defendants alleged was executed in blank form to be filled in with correct amount of outstanding note of which blank note was a renewal, an instruction that if amount filled in was not amount of renewal note, plaintiff could only recover amount which should have been written in blank form note, *held* not erroneous as authorizing jury to find for plaintiff on a cause of action not stated in the pleadings.

2. **INSTRUCTIONS:** An Instruction Held Not Erroneous as Permitting Jury to Determine Admissibility and Competency of Evidence and Thereby to Invade Province of Court. An instruction that jury are the sole judges of evidence, credibility of witnesses and weight and value to be give to their testimony, while not conventional, is not erroneous as permitting jury to determine admissibility and competency of evidence.

*Corpus Juris-Cyc. References; Bills and Notes, 8CJ, p. 1072, n. 85. Trial, 38 Cyc, p. 1514, n. 42; p. 1516, n. 57; p. 1518, n. 69.

Appeal from the Circuit Court of Holt County.—*Hon. Guy B. Park,* Judge.

AFFIRMED.

*A. M. Tibbels* and *R. B. Bridgeman* for appellant.

*H. T. Alkire* for respondents.

ARNOLD, J.—This is an action on a promissory note. The petition charges that on January 10, 1922, defendants by their negotiable promissory note, for value received, promised to pay to plaintiff, one year after date, the sum of $662.56 with interest at eight per cent

per annum. According to the terms and provisions of said note, defendants further agreed to pay an attorney's fee of ten per cent, if the said note was placed in the hands of an attorney or officer for collection; that the note was placed in the hands of an attorney for collection; that no part thereof has been paid and that the whole amount, principal, interest and attorney's fee is due and unpaid.

Defendant Guyer denies, generally, every allegation of the petition "except such parts as are herein expressly admitted." The answer then states that about the date of the note sued on, at plaintiff's request, he signed a blank form of note and procured defendant Strickland to sign same in blank form and delivered same to plain- tiff, the said note bearing both signatures when deliv- ered; that at the time said note was so signed and de- livered there was no sum expressed in the said note; that plaintiff then and there promised and agreed with defendant that as soon as he ascertained the correct amount of an outstanding note, of which the note sued on was a renewal, he (plaintiff) would write in the renew- al note the correct amount with interest, which said out- standing note plaintiff had not then and there with him.

The answer further states that it was because of the consideration in accordance with said agreement and understanding that the note was executed by defendants in blank; that the sum expressed in the renewal note was in excess of the note renewed; that the correct sum of the former note was $62.56 and not $662.56 as written into the new note by plaintiff, and that the amount of the new note in excess of $62.56 was wholly without considera- tion.

The answer further alleges that defendants do not owe plaintiff "because of having signed said blank form of note, a sum greater than the amount of said former note plus the interest on same."

The separate answer of defendant Strickland is, in all essentials, the same as the answer of defendant

Guyer. Upon the pleadings thus made, the cause went to trial to a jury, resulting in the following verdict: "We, the jury, find for the plaintiff on the note sued on in the sum of sixty-two and 56/100 dollars ($62.56) and with interest thereon in the sum of eleven and 28/100 dollars ($11.28), and in the sum of seven and 38/100 ($7.38) attorney fees, making a total of eighty-one and 22/100 dollars ($81.22)."

Motions for new trial and in arrest were duly filed and by the court overruled. Plaintiff appeals.

It is first charged that the court erred in giving instruction No. 1 for defendants, on the ground that said instruction submitted to the jury issues not covered by the pleadings. The instruction is comparatively short, and may be set out in full without adding unduly to the length of this opinion. It is as follows:

"The court instructs the jury that if they find and believe from the evidence that defendants did not at the date of the note sued on herein owe plaintiff the amount of the principal of the note sued on herein, and that defendants signed, and the defendant Jim Guyer delivered to plaintiff the note sued on herein, in blank form, by and with the agreement and understanding between plaintiff and the defendant, Jim Guyer, that as soon as plaintiff ascertained the amount of a certain note which plaintiff then had and held against the defendant, he, plaintiff, would write the sum of said former note into the said blank form of note, and accept same as a renewal of said former note, and that, without the knowledge or consent of defendants, or either of them, there was a much larger sum written into said blank form of note, instead of the amount of said former note, as between plaintiff and said Guyer so agreed upon, if you find same was by said persons so agreed upon, then your verdict should be for the plaintiff for the amount only that you find and believe from the evidence was the amount of said former note, at the date of the note sued on herein, together with the interest on said

sum from the date of the note sued on herein, at eight per cent per annum, until this time.''

The objection to the instruction is that the jury were told that if they found the amount which plaintiff filled in was not the correct amount; that the jury thereby were authorized to find for plaintiff on a cause of action not stated in the pleadings. In the determination of this point, it is necessary to discuss somewhat the purport of the pleadings.

The answers filed admit an indebtedness by defendants to plaintiff of $62.56 and thus do not resist the entire note described in the petition. The answer was not a plea of *non est factum.*

Defendants were willing judgment should be entered against them for that amount. The jury found that $62.56 was the true amount. As we read the record the only issue presented by the pleadings is whether the true amount defendants owed plaintiff on the note was $662.56 or $62.56, with interest thereon. The issues are clear cut and the verdict and judgment are responsive thereto. There was no error in the instruction in the respect charged and we hold it good.

There is also a charge of error against that part of instruction No. 2 which reads: ''The jury are the sole judges of the evidence, of the credibility of the witnesses, and of the weight and value to be given their testimony.'' It is urged that this instruction left the jury to determine what evidence is admissible, what is competent or incompetent, material or immaterial, and whether relevant or irrelevant, thus invading the province of the court.

We think there is no basis for this objection. We hold the instruction is possibly not conventional by reason of the incorporation of the clause ''the jury are the sole judges of the evidence,'' but it is not erroneous. Of course nothing is evidence until it is admitted by the court, but after its admission it is within the province of the jury to judge of its credibility and the weight to be accorded it. Except for the first clause there is no objection urged against the instruction.

The judgment is affirmed. All concur.